**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| AT3 Tactical, LLC,<br><br>                          Plaintiff,<br><br>v.<br><br>Holosun Technologies, Inc.,<br><br>                          Defendants. | Civil Action No. _____<br><br>**VERIFIED COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff AT3 Tactical, LLC ("Plaintiff"), by and through its attorneys, Taft, Stettinius & Hollister LLP, for its Verified Complaint against Defendant Holosun Technologies, Inc. ("Defendant"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. This is an action for infringement of Plaintiff's federally-registered trademark ARO® under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of trademark infringement and unfair competition and deceptive trade practices under the common laws of the State of Minnesota, all arising from the Defendant's unauthorized use of the mark ARO and ARO-CORE in connection with the marketing, advertising, promotion, offering for sale, and sale of Defendant's gun sights.

2. Plaintiff seeks injunctive and monetary relief.

**JURISDICTION**

3. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28

U.S.C. § 1367(a).

## VENUE

4.  Venue is proper in this district under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

5.  Plaintiff AT3 Tactical, LLC is a limited liability company that is incorporated in Minnesota and has its principal place of business at 5450 Quam Ave NE, Suite 140, St. Michael, MN 55376.

6.  Upon information and belief, Defendant Holosun Technologies, Inc. is a corporation that is incorporated in California and has its principal place of business at 821 Echelon Ct., City of Industry, CA 91744.

## FACTS

A. <u>Plaintiff and Its ARO® Mark</u>

7.  Plaintiff began in 2013 when its founder struggled to find reasonably priced AR-15 parts and clear, beginner-friendly information while buying his first rifle, prompting him to start a small basement operation focused on quality components, helpful content, and responsive customer service. Over time, the company grew from a one-person shop into a Minnesota-based manufacturer and retailer serving well over 100,000 customers with its own line of AR-15 parts, accessories, and optics.

8.  At least as early as August 19, 2019, Plaintiff launched its red dot gun sight under the ARO® trademark.

9. Plaintiff's ARO® gun sight is certified for use on rifles, shotguns, and pistols, mounting via a Fastfire/Venom-style footprint with Picatinny low and riser mounts, which covers typical AR-15 and similar modern sporting rifles.

10. Plaintiff is the owner of the following valid and subsisting United States Trademark Registrations on the Principal Register:

| Mark | Goods Description | Registration Number |
| --- | --- | --- |
| ARO | IC 13: Non-telescopic gun sights for firearms | 8019040 |

Attached as Exhibits 1 is a true and correct copy of the registration certificates for the foregoing United States Trademark Registration.

11. Plaintiff has used the ARO mark in commerce continuously since at least as early as August 19, 2019 in connection with the provision, offering for sale, sale, marketing, advertising, and promotion of non-telescopic gun sights. Attached hereto as Exhibit 2 is a true and correct copy of Plaintiff's website showing Plaintiff's use of the ARO mark in connection with the gun sights.

12. Plaintiff's nationwide constructive use date for its ARO mark is February 13, 2025 and Plaintiff's nationwide constructive notice date for its ARO mark is November 11, 2025.

13. As a result of its widespread, continuous, and exclusive use of the ARO trademark came to identify Plaintiff's gun sights and Plaintiff as their source. Plaintiff owns valid and subsisting common law rights to the ARO trademark.

14. Plaintiff's ARO trademark is distinctive to both the consuming public and Plaintiff's trade.

15. Plaintiff has expended substantial time, money, and resources marketing,

advertising, and promoting the gun sights sold under the ARO trademark including through its website located at the <at3tactical.com> domain name, Facebook, Instagram, X, YouTube, and traditional print media.

16. Plaintiff offers and sells its gun sights under its ARO trademark to women, men, anyone interested in firearms.

17. As a result of Plaintiff's expenditures and efforts, the ARO trademark came to signify the high quality of the gun sights designated by the ARO trademark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

B.  Defendant's Unlawful Activities

18. Upon information and belief, Defendant is engaged in the offering for sale, sale, marketing, advertising, and promotion of gun sights.

19. Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its ARO trademark, Defendant adopted and began using the identical mark ARO and virtually identical ARO-CORE and ARO-EVO marks (collectively the "Infringing Marks") in commerce.

20. The Infringing Marks adopted and used by Defendant are confusingly similar to Plaintiff's ARO trademark. The Infringing Marks are either identical or incorporate the entirety of Plaintiff's ARO mark.

21. Upon information and belief, Defendant has been engaged in the advertising, promotion, offering for sale, and sale of gun sights using the Infringing Marks in the state of Minnesota. Attached as Exhibit 3 is true and correct copy of The Modern Sportsman's website showing Defendant's use of the ARO mark in Minnesota.

22. Upon information and belief, the gun sights Defendant has marketed, advertised,

4

promoted, offered for sale, and sold under the Infringing Marks are identical or highly similar to Plaintiff's gun sights.

23. Upon information and belief, both the Plaintiff's ARO gun sights and Defendant's gun sights that display the Infringing Marks are red dot sights that can be used on many of the same rifle platforms, especially AR-15–style carbines equipped with Picatinny rails.

24. Upon information and belief, Defendant has marketed, advertised, promoted, offered for sale, and sold its gun sights under the Infringing Marks through its website located at the <https://www.holosun.com> website, Facebook, Instagram, X, YouTube, retailers, traditional print media, and unsolicited third-party articles.

25. Upon information and belief, Defendant offers and sells gun sights under the Infringing Marks to women and men who are interested in firearms.

26. On November 11, 2025, Plaintiff's counsel sent a cease and desist letter to Defendant objecting to Defendant's use of the Infringing Marks. Attached as Exhibit 4 is a true and correct copy of Plaintiff's counsel's cease and desist letter to Defendant.

27. Defendant's counsel responded to Plaintiff's cease and desist letter refusing to comply with Plaintiff's reasonable requests.

28. Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's gun sights and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's gun sites originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

29. Alternatively, upon information and belief, Defendant has poured substantial resources into advertising and promoting its gun sights under the Infringing Marks, saturating the

5

marketplace so thoroughly that consumers encountering the Plaintiff's ARO mark are likely to mistakenly assume that Plaintiff is affiliated with, sponsored by, or a knockoff of the Defendant's gun sights.

30. Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's ARO trademark, and cause confusion and deception in the marketplace.

31. Defendant's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT ONE (Federal Trademark Infringement)

32. Plaintiff repeats and re-alleges paragraphs 1 through 30, as if fully set forth herein.

33. Defendant's unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's gun sights, and is likely to cause consumers to believe, contrary to fact, that Defendant's gun sights are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

34. Alternatively, upon information and belief, Defendant has poured substantial resources into advertising and promoting its gun sights under the Infringing Marks, saturating the marketplace so thoroughly that consumers encountering the Plaintiff's ARO mark are likely to mistakenly assume that Plaintiff is affiliated with, sponsored by, or a knockoff of the Defendant's gun sights in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

35. Upon information and belief, Defendant has committed the foregoing acts of

infringement with full knowledge of Plaintiff's prior rights in the ARO trademark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

36. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

37. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT TWO (Federal Unfair Competition)

38. Plaintiff repeats and re-alleges paragraphs 1 through 36, as if fully set forth herein.

39. Defendant's unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's gun sights, and is likely to cause consumers to believe, contrary to fact, that Defendant's gun sights are sold, authorized, endorsed, or sponsored by Plaintiff, that Defendant is in some way affiliated with or sponsored by Plaintiff, or that Plaintiff is affiliated with, sponsored by, or a knockoff of the Defendant's gun sights.

40. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

41. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

42. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

44. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT THREE (Minnesota Deceptive Trade Practices Act, Minn. Stat. § 325D.43-45)**

45. Plaintiff repeats and re-alleges paragraphs 1 through 44, as if fully set forth herein.

46. Defendant's unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's gun sights, and is likely to cause consumers to believe, contrary to fact, that Defendant's gun sights are sold, authorized, endorsed, or sponsored by Plaintiff, that Defendant is in some way affiliated with or sponsored by Plaintiff, or that Plaintiff is affiliated with, sponsored by, or a knockoff of the Defendant's gun sights. Defendant's conduct therefore constitutes a deceptive trade practice in violation of Minn. Stat. § 325D.44.

47. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

48. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff

and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

49. Plaintiff is entitled to, among other relief, injunctive relief and an award of attorneys' fees, and costs of the action under Minn. Stat. § 325D.45.

### COUNT FOUR (Common Law Trademark Infringement)

50. Plaintiff repeats and re-alleges paragraphs 1 through 48, as if fully set forth herein.

51. Defendant's unauthorized use in commerce of the Infringing Marks as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's gun sights, and is likely to cause consumers to believe, contrary to fact, that Defendant's gun sights are sold, authorized, endorsed, or sponsored by Plaintiff, that Defendant is in some way affiliated with or sponsored by Plaintiff, or that Plaintiff is affiliated with, sponsored by, or a knockoff of the Defendant's gun sights.

52. Defendant's unauthorized use in commerce of the Infringing Marks as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

53. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

54. Defendant's conduct as alleged herein constitutes trademark infringement.

55. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

56. Plaintiff is entitled to, among other relief, an injunction and an award of monetary damages in an amount to be determined at trial.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114); and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)).

2. That Defendant has violated Minn. Stat. 324D.44.

3. That Defendant has violated Minnesota's common law trademark infringement.

4. Granting an injunction permanently enjoining the Defendant, its respective employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, heirs, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

  a. providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise, or promote gun sights bearing the mark ARO or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's ARO trademark;

  b. engaging in any activity that infringes Plaintiff's rights in its ARO trademark;

  c. engaging in any activity constituting unfair competition with Plaintiff;

  d. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's gun sights are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's gun sights are in any manner approved, endorsed,

        licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendant;

    f.    using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

    g.    registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark ARO or any other mark that infringes or is likely to be confused with Plaintiff's ARO trademark, or any goods or services of Plaintiff, or Plaintiff as their source; and

    h.    aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (h).

5.    Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's services.

6.    Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the mark ARO or any other mark that is a

counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's ARO trademark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the mark ARO or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's ARO trademark, and to immediately remove them from public access and view.

7. Directing that Defendant recall and deliver up for destruction or other disposition all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the mark ARO or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's ARO trademark.

8. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

9. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

10. Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

11.     Awarding Plaintiff exemplary damages as the court finds appropriate to deter any future willful infringement.

12.     Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

13.     Awarding Plaintiff its attorneys' fees and costs incurred in this action pursuant to Minn. Stat. § 325D.45.

14.     Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

15.     Awarding such other and further relief as the Court deems just and proper.


Dated: January 5, 2026                                      Respectfully submitted,

/s/ Bradley J. Walz
Bradley J. Walz, 339891
TAFT STETTINIUS & HOLLISTER, LLP
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Phone: (612) 977-8525
Facsimile: (612) 977-8650
Email: bwalz@taftlaw.com

*Attorney for Plaintiff, AT3 Tactical, LLC*

## VERIFICATION

STATE OF MINNESOTA        )
                          ) ss.:
COUNTY OF WRIGHT          )

Zachary Plansky, being duly sworn, deposes and says that I am the Manager of AT3 Tactical, LLC, the Plaintiff in the case captioned AT3 Tactical, LLC v. Holosun Technologies, LLC and have authorized the filing of this complaint. I have reviewed the allegations made in the complaint, and to those allegations of which I have personal knowledge, I believe them to be true. As to those allegations of which I do not have personal knowledge, I rely on my counsel and the investigation of my counsel and I believe them to be true.



Zachary Plansky
Manager

Sworn to me this 2 day of January, 2026

Notary Public

14